UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONTRELL GREEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMUNITY CONNECTIONS, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 25-0177 (UNA) |

**MEMORANDUM OPINION**

This matter is before the Court on review of plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and *pro se* complaint (ECF No. 1). The Court GRANTS the application and DISMISSES the complaint without prejudice for lack of subject matter jurisdiction.

Plaintiff resides in the District of Columbia. *See* Compl. at 1. In relevant part, the complaint alleges plaintiff "moved and asked several time and was told I would get my mail from apt. but never got any[.]" *Id*. at 4. In this action, plaintiff demands he "get [his] mail plus having housing manager arrested for holding and possibly looking at mail." *Id*.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available when a "federal question" is presented or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party

1

seeking relief in the district court must at least plead facts that bring the suit within the Court's jurisdiction.  *See* FED. R. CIV. P. 8(a).

This case does not present a federal question, and "obstruction of correspondence," Compl. at 3, is not a valid basis for this Court's jurisdiction.  Because all the parties reside or conduct business in the District of Columbia, and because plaintiff does not indicate that the amount in controversy exceeds the $75,000 threshold, *see* Compl. at 4, plaintiff fails to demonstrate complete diversity between the parties.

Insofar as plaintiff demands defendant's arrest, there is no recourse in federal district court.  The decision to prosecute a criminal case is left to the discretion of the Executive Branch of government.  *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) (citations omitted); *see also Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases).

A separate order will issue.


DATE: February 18, 2025               /s/
                                      RUDOLPH CONTRERAS
                                      United States District Judge